UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GS HOLISTIC, LLC,

    Plaintiff,

v.                                          CASE NO. 3:22-cv-1202-BJD-MCR

VAPE VALLEY, INC., *et. al.*,

    Defendants.

                                      /

## ORDER

**THIS CAUSE** is before the Court on Defendants' Answer and Affirmative Defenses ("Answer") (Doc. 11), and Plaintiff's Motion to Strike Defendants' Affirmative Defenses ("Motion") (Doc. 14.) Upon consideration, the Motion is due to be granted in part and denied in part.

**I.**     **Background**

This case arises out of a federal trademark dispute. Plaintiff alleges that Defendants sold counterfeit goods, which featured unauthorized use of Plaintiff's trademarks. (Doc. 1.) In light of this allegation, Plaintiff filed a two-count complaint for Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114; and Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a). (*Id.* at 11-12.)

Defendants filed an Answer, alleging *inter alia*, six affirmative

defenses. (Doc. 11.) Plaintiff moved to strike each of the affirmative defenses. (Doc. 14.) Defendants were directed to respond to Plaintiff's Motion on or before March 10, 2023. (Doc. 20.) Defendants, however, failed to comply with this Court's Order and to date have not filed a response to Plaintiff's Motion.[1] Although, under these circumstances, the Motion can be treated as unopposed, the Court still considers the Plaintiff's Motion within the confines of the appropriate legal standard below.

## II.  Standard

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999) Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may strike an affirmative defense if the defense is insufficient as a matter of law. "For a court to find a

---

[1] "It is of paramount importance in our adversarial system that parties timely and fully respond to motions so as to not place an unnecessary burden on the courts' limited resources." *PNC Bank v. Craggs Constr. Co.*, No. 5:16-CV-398-OC-30PRL, 2016 WL 6493908, at *2 (M.D. Fla. Nov. 2, 2016). Defendants are warned that failure to respond to motions in the future will result in this Court finding that those motions are unopposed.

2

defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08–cv–361–T–JDW–MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (internal citations and quotations omitted).

Although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to strike are not favored and are often considered time wasters). A court should only strike a pleading if the matter sought to be stricken has no possible relationship to the controversy, may confuse the issues, or otherwise will prejudice a party. *Wlodynski,* 2008 WL 2783148, at *1. Moreover, "[a]n affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez–Hernandez v. Hendrix Produce, Inc.*, No. 6:13–cv–53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

On this basis, even deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike. *Muschong v. Millennium Physician Group, LLC,* No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, *1 (M.D. Fla. Mar. 25, 2014). Denials, for example, that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials. *Id.* (citing *Lugo v. Cocozella, LLC*, No. 12-80825-CIV, 2012 WL 5986775, *1 (S.D. Fla. Nov. 29, 2012)).

   III.   Analysis

   **A. First, Second, Fifth, and Sixth Affirmative Defenses**

Plaintiff presents plausible arguments for striking each of the affirmative defenses listed above. However, the undersigned declines to strike these defenses at this time. The point of pleading the affirmative defenses is to provide notice to a plaintiff of the issues that may be raised at trial. *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, No. 616CV728ORL31DAB, 2016 WL 4157211, at *1 (M.D. Fla. Aug. 2, 2016). Although deficient in some respects, each of these defenses adequately provides notice of issues that may be raised at trial. Moreover, there is no legitimate indication that the Plaintiff is prejudiced by these affirmative defenses.

### B. Third and Fourth Affirmative Defenses

Defendant's third and fourth affirmative defenses present standing issues which are not appropriate for the forum of an answer and affirmative defenses. "Lack of standing is not an affirmative defense, but rather is a matter implicating the court's subject matter jurisdiction." *Naples Screen Repair, LLC v. Arrow Handyman "LLC"*, No. 2:20-cv-844-SPC-NPM, 2021 WL 1854639, at *4 (M.D. Fla. May 10, 2021) (quoting *ZSR Patlatici Sanayi A.S. v. Sarac Distributors LLC*, No. 2:19-cv-864-FtM-38MRM, 2020 WL 3895709, at *4 (M.D. Fla. July 10, 2020)). Accordingly, the undersigned will strike the third and fourth affirmative defenses. However, if Defendants believe they have sufficient evidence to challenge Plaintiff's standing, they should do so by a separate motion within 14 days of the date of this Order. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 14.**) is **GRANTED in part and DENIED in part.**

2. The Court strikes Defendants' third and fourth affirmative defenses.

**DONE AND ORDERED** at Jacksonville, Florida, on April 14, 2023.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of
Record